PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EMANUAL COOK, *aka Emanuel Cook*, ) | |
| ) | CASE NO. 4:14cv42 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DR. DENNIS ORR, *et al*., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF Nos. 1; 2; 4] |

On January 8, 2014, Plaintiff *pro se* Emanual Cook filed this *in forma pauperis* action under 42 U.S.C. § 1983 against the Dr. Dennis Orr of the Trumbull County Northside Hospital ("Northside") and Supervisor Barnes of the Federal Correctional Institution at Elkton ("FCI Elkton") Medical Department. ECF No. 1. Plaintiff cites 28 U.S.C. § 1331, entitled "Federal question," as the sole basis for the Court's jurisdiction. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Background

Plaintiff, an inmate at the FCI Elkton, alleges that Dr. Orr performed surgery "for the removal of a hernia," at Northside. ECF No. 1-1 at 3. After the surgery, Plaintiff experienced pain in the surgical area. *Id*. at 4. An FCI physician, Dr. Dunlop, then examined Plaintiff and told him the hernia appeared to still be in place. *Id*. A week after that, Dr. Orr examined Plaintiff and advised him the problem was only fluid and that the pain would go away. *Id*. No CT scans or x-rays were ever done by Dr. Orr. *Id*. Plaintiff later discovered he had been

(4:14cv42)

misdiagnosed by Dr. Orr, and that the hernia surgery was unnecessary. *Id*. Because of Dr. Orr's mistakes in diagnosis and treatment, Plaintiff alleges, a subsequent surgery to remove Plaintiff's testicles had to be performed. *Id*. at 5. Plaintiff brings this section 1983 action and alleges that Defendants "acted with Malpractice and Neglig[]ence of Medical Surgery and Treatment." *Id*. at 3.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 570). It must contain "sufficient factual matter, accepted as true, to 'state a

2

(4:14cv42)

claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When a plaintiff pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

### III. Law and Discussion

Negligence cannot form the basis for a section 1983 action. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Moreover, to establish a constitutional claim for inadequate medical care, Plaintiff would have to demonstrate that Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when he acts with criminal recklessness, a state of mind that requires conscious disregard of a substantial risk of serious harm. *Id.* at 837, 839. Mere negligence will not suffice. *Id.* at 835-36.

Allegations of medical malpractice, negligent diagnosis, or negligent treatment do not state a valid constitutional claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

3

(4:14cv42)

Plaintiff alleges Defendants acted with negligence in committing malpractice. Moreover, the facts alleged in the instant case, even liberally construed, do not indicate the sort of "unnecessary and wanton infliction of pain" necessary to give rise to a colorable Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Thus, regardless of any valid state law claim he may have, Plaintiff does not set forth allegations which might establish a valid federal claim.

### IV. Conclusion

Accordingly, the request to proceed *in forma pauperis* (ECF No. 2) is granted, and this action is dismissed under section 1915(e). Furthermore, the motion for appointment of counsel (ECF No. 4) is denied. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  May 27, 2014              /s/ Benita Y. Pearson
Date                        Benita Y. Pearson
                            United States District Judge